PONDER, Judge.
In this damage suit for personal injuries resulting from an automobile accident, plaintiff has appealed. '
The issues are the admission of some photographs that had not been previously shown to the plaintiff, the denial of a mistrial and of a new trial, the finding of no liability on the part of four defendants, and the amount of the award.
We affirm.
Plaintiff, Claudine McGuire, a female roustabout on an offshore drilling platform, evidently after drinking at a number of bars near Houma, met Roy N. Serigny and Bobby Joe Morrison about 2:30 or 3:00 a.m. at one of the bars. About 5:30 a.m. Serigny borrowed Morrison’s car to take plaintiff home at her request. Although her home was toward Thibodaux, Serigny, after dropping Morrison at a cafe, started toward Morgan City, because, he explained later, she told him she lived at Morgan City. Before entering the car she asked if he was in satisfactory condition to drive. When he replied he was, she got in the car and immediately leaned back and went to sleep or passed out. A witness testified Serigny almost ran him off the road and was often on the wrong side of the highway. On a stretch of Highway 90, locally known as Dead Man’s Curve, the car collided almost head-on with a tractor and trailer weighing more than 70,000 pounds in the car’s wrong lane. The collision resulted in severe injuries to both Miss McGuire and Mr. Serigny.
*1085 She sued Serigny; Morrison; International Indemnity Insurance Company, the insurer of Morrison and Serigny; Billy Jack Howie, the driver of the eighteen-wheeler; Welco Manufacturing Company of Texas, Howie’s employer; Leaseway of Texas, Inc., lessor of the eighteen-wheeler to Wel-co; Travelers Insurance Company, the insurer of Leaseway,[1] Welco and Howie; and the Louisiana Department of Transportation and Development. During trial, the court released Morrison. After trial, the court which was trying the case against the Highway Department, released that defendant. The jury found no liability on the part of Howie, Welco and Travelers. It awarded a verdict of $70,000.00 against Ser-igny and International Indemnity Company, the latter’s liability being limited to $5000.00, the policy limits.
The dispute over the photographs taken by the police at the scene arose under the following circumstances. The officers stated at trial and evidently previously in depositions and in answers to interrogatories that the photographs had been taken but evidently had been lost. Counsel for Howie, Welco and Travelers was evidently the only one to pursue the matter further. He was told that at the time of the accident, the Terrebonne Sheriff’s Department was developing the film taken by the Hou-ma Police Department. He found that that agency had not developed multiple rolls because the task had become burdensome. Counsel had these rolls developed and found the pictures at the scene of this accident. Plaintiff complains that the possession of the photographs was never disclosed to him.
After the case had been set for trial on December 28,1981, by jury, the plaintiff on November 23, 1981, filed Interrogatoriés and Request for Production Propounded by Plaintiff to all Defendants, No. 3 of which read as follows:
“3. Please list each and every exhibit, document and/or thing which you may introduce at the trial of this matter, and attach copy of said exhibit, document or thing to our answers to these interrogatories or advise when said exhibit, document and/or thing can be inspected. If you refuse to so produce, state the basis for your refusal.”
As a result of a motion to compel, filed December 15, 1981, the court on December 16, 1981, ordered the defendants to answer by December 21, 1981. On December 22, 1981, counsel filed an answer listing only an insurance policy as response to No. 3. By supplemental Answers to Interrogatories, evidently mailed on December 24,1981, but filed on December 28, 1981, counsel listed ten other items under No. 3, one of which was:
“(d) Any photographs of the scene or vehicles involved in this accident; ...”
Despite the fact that the trial lasted through January 13 and the photographs were not produced until January 7, 1982, plaintiff’s counsel did not pursue the matter further.
All the above is important because the trial court did not have a pre-trial procedure in which the photographs would have been required to be listed.
Plaintiff contends that the trial court erred in refusing a mistrial or new trial and alternatively in admitting the photographs into evidence. She makes some general statements that the admissions of the photographs could have been prejudicial in the manner in which it occurred, in the effect on the order of proof and upon the necessity of requiring plaintiff to put some witnesses back on the stand. Her argument seems to be that she should be entitled to a new trial because it cannot be proved that the production of the photographs were not prejudicial. Her burden is heavier than that.[2]
*1086 The production of the photographs did result in plaintiff putting some witnesses back on the stand to make some changes in their testimony. One witness had to recant his testimony that the truck drove the car backward over 100 feet after impact. However, plaintiff’s own witnesses, especially the police officer and the expert, had already questioned that testimony. The expert on reappearance still concluded the truck had driven the car back five feet and that the car would have struck the guard rail had the truck not been there. We do not find that these changes were prejudicial to the plaintiff.
At any rate, the trial court carefully considered the question of a new trial:
“... [W]hen the issue of the photographs of the scene of the accident showing the vehicles a very short time after the accident had occurred surfaced, I had some serious concern that that would be prejudicial to the plaintiff’s case. That is, that those photographs in surfacing at that time, could well have been a strong influence on the jury as to their findings, and I felt there was a possibility that under the circumstances the way they came to light would be highly prejudicial to the rights of the plaintiff. Under those conditions, I informed counsel both at a bench conference and also in Chambers that I would not grant a mistrial and would allow the use of those photographs but with the understanding that if I concluded that those pictures had influenced the jury to the extent that the plaintiff’s rights would be prejudiced that I would then grant a new trial. But after considering it and thinking it over and .... I have reached the conclusion that I believe the jury as far as Mr. Howie is concerned would have come to the same conclusion whether those pictures were used or not. Now I have no way .... I’m not clairvoyant, and I can’t .... I did not question the jury about what effect those pictures had, so a part of my decision is just based upon my observations of the jury, and considering the evidence in the trial. I’m just convinced that those pictures didn’t prejudice Miss McGuire’s rights in this case, and I am also convinced that the jury would have reached the same conclusions they did reach if those pictures had never come to light....”
We find no error.
Plaintiff’s next complaint is that the court erred in dismissing the suit against the Department of Transportation and Development. The court found that the Department was negligent in the placement of signs but that this negligence was not a proximate cause of the accident. Without having to approve the finding that the Department was negligent, we find that the placement of signs was not a cause in fact of the accident. Serigny, the driver in the wrong lane, testified that he saw no curve or warning signs, even though it was uncontested that they were present and plaintiff contends only that they were placed too close to the curve. The court concluded that the accident would have occurred even if there had been signs placed at points admittedly proper. We agree. There was no error.
Plaintiff argues in brief that the award to plaintiff should be increased if the Department be cast in liability, since the defense of inability to pay would not then be applicable. We need not address that point since the Department was not found liable.
For these reasons, the judgment is affirmed at plaintiff’s costs.
AFFIRMED.

. Before trial Leaseway was released on a joint motion.

. C.C.P. Arts. 1972, 1973 and 1814:
Art. 1972.
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
*1086 (2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814.
Art. 1973.
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
Art. 1814.
A new trial shall be granted if it be proved that the jury was bribed or has behaved improperly so that impartial justice has not been done.